UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID FRANK BECKER,

        Plaintiff,

     v.                                  Case No. 18-C-1801

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

**DECISION AND ORDER REVERSING THE COMMISSIONER'S DECISION**

This is an action for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff David Becker's application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff challenges the decision of the Administrative Law Judge (ALJ) denying him benefits because she failed to follow Social Security Administration (SSA) rulings and regulations. In particular, Becker contends that the ALJ improperly weighed the opinions of his treating physicians, failed to incorporate his findings of impaired vision into the residual functional capacity (RFC) assessment, failed to support her decision to classify Becker's vertigo as a non-severe impairment with substantial evidence, and failed to support her decision to exclude Becker's migraine headaches from the RFC with substantial evidence. Plaintiff also asserted initially that the ALJ failed to incorporate his findings of moderate limitations on concentration, persistence, or pace in the RFC but has since abandoned that argument. For the reasons stated in this decision, the Commissioner's decision will be reversed and remanded for further proceedings.

**BACKGROUND**

On October 21, 2014, Becker completed an application for a period of disability and disability insurance benefits, alleging disability beginning August 1, 2014. He listed congestive heart problems as the condition that limited his ability to work. R. 237. He also reported tingling, numbness, pain, and cramping in his arms/hands and legs/feet; abdominal pain; dizziness; headaches; blurred vison; insomnia; rectal bleeding; shortness of breath; depression; and anxiety. R. 261. After his application was denied initially and on reconsideration, Becker requested an administrative hearing before an ALJ. ALJ A. Benton held a hearing on June 27, 2017. Becker, who was represented by counsel, and a vocational expert testified at the hearing. R. 43–64.

At the time of the hearing, Becker was 47 years old. R. 47. He obtained his Associates Degree in criminal science and had worked in firefighting and EMS between 1991 and 1999. He last worked security in February 2013 at Columbia St. Mary's Hospital. R. 48. Becker testified that his disabilities and his most recent diagnosis of Marfan's syndrome make things extremely difficult for him. He has trouble standing and walking at times and has vertigo. R. 49. Becker testified that he suffers from a "24-hour migraine." R. 51. He stated that he has pressure between both temples that never goes away. If he exerts himself, he gets flashing lights and lines in his eyes. *Id.* He testified that migraines prevent him from driving. R. 54. Becker stated that florescent lights trigger dizziness or migraine headaches. *Id.* He always wears sunglasses to restrict his field of vision. R. 55. Becker also reported numbness in his hands. R. 52. He stated that he can walk for a couple of miles if he can stop and rest and walk at his own pace. R. 49. He indicated that he would be able to lift a 40 to 50 pound item. R. 50. Becker takes medication for his restless leg disorder, diabetes, depression, anxiety, and fibromyalgia. R. 50–51. His side effects from the medication include sleepiness, overall stomach issues, and headaches. R. 51. In

a typical day, Becker is able to do household chores when he has the energy. R. 52. His mother also stops by his house and helps him with the laundry and cleaning.

In a seventeen-page decision dated November 14, 2017, the ALJ determined that Becker has not been under a disability from August 1, 2014, through the date of the decision. R. 20–36. The ALJ's decision followed the five-step sequential-evaluation process for determining disability prescribed by the SSA. At step one, the ALJ found that Becker met the insured status requirements through September 30, 2018, and had not engaged in substantial gainful activity since August 1, 2014, the alleged onset date. R. 22. At step two, the ALJ concluded Becker has the following severe impairments: Marfan's syndrome, status-post mitral valve replacement, atrial flutter, status-post retinal detachment, and depression. *Id.* At step three, the ALJ found Becker did not have an impairment or combination of impairments that met or medically equaled the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 23.

The ALJ next assessed Becker's RFC and found that Becker could perform light work with the following limitations:

> [H]e is limited to occasional climbing of stairs and ramps and never climbing ladders or scaffolds. The claimant is limited to frequent but not constant bilateral fingering and handling with the upper extremities. He needs to avoid all exposure to hazards such as unprotected heights and moving mechanical parts. The claimant is limited to understanding, remembering, and carrying out simple instructions. He can only make simple, work-related decisions. The claimant can tolerate occasional change in work location. He is limited to frequent but not constant use of near and far acuity. The claimant is limited to only occasional use of depth perception and accommodation.

R. 25. At step four, the ALJ determined Becker is unable to perform any past relevant work as a security officer. R. 34. Nevertheless, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Becker can perform, including cafeteria attendant, sales attendant, and filling machine tender. R. 35. Accordingly, the ALJ found that Becker is not

3

disabled. R. 36. The Appeals Council denied Becker's request for review, making the ALJ's decision the final decision of the Commissioner.

## LEGAL STANDARD

Judicial review of the decisions of administrative agencies is intended to be deferential. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). The Social Security Act specifies that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind could accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Given this standard, and because a reviewing court may not substitute its judgment for that of the ALJ, "challenges to the sufficiency of the evidence rarely succeed." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005).

Additionally, the ALJ is expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Becker raises several challenges to the ALJ's decision, but the court finds only one need be addressed since it is enough by itself to require a remand. Becker asserts that the ALJ failed

4

to support her decision to exclude his migraine headaches from the RFC with substantial evidence. An RFC measures the most an individual can do despite the physical or mental limitations imposed by his impairments. SSR 96-8p, 1996 WL 374184, at *2. In forming an RFC, the ALJ must review all of the relevant evidence in the record, including any information about the claimant's symptoms and any opinions from medical sources about what he can still do despite his impairments. *Id.* The ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id.* at *5.

In his disability report application on appeal, Becker indicated that he gets one to two migraines a day and must lay down. R. 267. He testified at the administrative hearing that he suffers from a "24-hour migraine." R. 51. He stated that he has pressure between both temples that never goes away. If he exerts himself, he gets flashing lights and lines in his eyes. *Id.* He testified that migraines prevent him from driving. R. 54. Becker stated that florescent lights trigger migraine headaches. *Id.* He always wears sunglasses to restrict his field of vision. R. 55.

The ALJ failed to address Becker's testimony regarding his migraine headaches or acknowledge the evidence in the record that corroborates it. For instance, physical therapy notes from June 2016 indicate that Becker has headache pain daily that ranges from 2/10 to 10/10 and is aggravated by an increase in physical activity. R. 1084. On July 28, 2016, examination revealed Becker had severe and frequent migraine headaches that are triggered by moving lights and bright lights. R. 1234. January 4, 2017 progress notes indicate Becker's biggest issue continued to surround his chronic headaches and vertigo, with concurrent issues with light sensitivity. R. 1479. The ALJ did not discuss these records, but based on one treatment note from September 2015, stated that Becker's headaches were rebound headaches from daily use of Triptan. R. 28. Although Becker's provider warned Becker of overuse of Triptan in 2015,

5

Becker's migraines continued long after he discontinued Triptan. While an ALJ is not required to mention every piece of evidence in the record, she must not ignore entire lines of evidence related to a claimant's condition or impairment. *See Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). In other words, the ALJ "'must confront the evidence that does not support her conclusion and explain why that evidence was rejected.'" *See Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016) (quoting *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014)). The ALJ's failure to discuss the evidence relevant to Becker's migraine headaches warrants remand in this case.

## CONCLUSION

For the reasons above, the Commissioner's decision is **REVERSED** and **REMANDED** to the Agency pursuant to 42 U.S.C. § 405(g) (sentence four). Although the decision is reversed because of the error in failing to account for Becker's migraine headaches in the RFC, the Commissioner should also address Becker's other claims of error on remand. This includes Becker's claim that the ALJ failed to comply with 20 C.F.R. § 404.1527(c)(2) in assessing the opinions of his treating physicians, the ALJ failed to incorporate findings of Becker's impaired vision into the RFC, and that the ALJ's finding that Becker's vertigo was non-severe is not supported by substantial evidence. Further consideration of those claimed errors on remand will aid in reaching a final resolution of the case and avoid further remands in the future. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court